UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 13-69-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 16-38-DCR |
| ) | |
| STEEVE ALEXIS, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Steeve Alexis' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 44] In accordance with 28 U.S.C. § 636(b)(1)(B), the motion was referred to a United States Magistrate Judge for issuance of a report and recommendation. On April 26, 2016, Magistrate Judge Candace J. Smith issued her report, recommending that Alexis' motion be denied. [Record No. 56] Additionally, Magistrate Judge Smith recommended that a Certificate of Appealability not be issued. [*Id.*] Neither Alexis nor the United States has filed objections to the Report and Recommendation.

**I.**

While this Court reviews *de novo* those portions of a magistrate judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file

objections to the magistrate judge's findings of fact and recommendations waives the right to appeal.  *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154−55 (6th Cir. 1986).

Alexis did not file objections to the Report and Recommendation and the time to do so has expired.  Nevertheless, the Court has reviewed the record *de novo*.  After fully considering the record, the Court agrees with the magistrate judge's analysis and conclusions.

**II.**

On October 29, 2012, a confidential informant purchased narcotics from Alexis at his residence in Winchester, Kentucky.  [Record No. 31, ¶ 3]  Based upon information gathered during this transaction, police obtained and executed a search warrant at the residence, seizing cocaine, marijuana, drug paraphernalia, and a loaded semi-automatic 9-millimeter firearm.  [*Id.*]  Alexis admitted that the firearm belonged to him and that he was aware that he should not possess it.  [*Id.*]  The firearm was manufactured outside Kentucky.  [*Id.*]

On May 3, 2013, Alexis was charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  [Record No. 1]  On July 17, 2013, the defendant filed a motion to continue the trial because his counsel, the United States, and the Probation Office were determining Alexis' possible status as an Armed Career Criminal under 18 U.S.C. § 924(e).  [Record No. 13]  That motion was granted.  [Record No. 14]  Subsequently, the defendant filed a motion for re-arraignment which also was granted.  [Record Nos. 15; 16]  However, the re-arraignment hearing was continued so that Alexis'

counsel could research the prior offenses establishing his status as an Armed Career Criminal.[1]  [Record Nos. 17; 53-2, ¶ 10]

Alexis filed another motion to continue the re-arraignment hearing because counsel needed additional time to investigate the predicate offenses.  The Court granted the motion.  [Record Nos. 18; 21]  On November 12, 2013, the defendant appeared for re-arraignment, but counsel advised that a continuance was necessary because he planned to review a videotape that the United States did not produce during discovery.  [Record Nos. 23; 50, pp. 3, 6]  Thereafter, Alexis filed a second motion for re-arraignment.  [Record No. 24]

On December 23, 2013, Alexis pleaded guilty to the first count of the indictment.  [Record No. 26]  In his Plea Agreement, the defendant waived the right to appeal the guilty plea, conviction, and sentence except his designation as an Armed Career Criminal.  [Record No. 31, ¶ 8]  Further, Alexis waived the right to collaterally attack the plea, conviction, and sentence, except with respect to claims of ineffective assistance of counsel.  [*Id.*]  The Plea Agreement outlined the United States' position that the defendant had three felony convictions qualifying him as an Armed Career Criminal and subjecting him to a potential statutory punishment of at least fifteen years.  [*Id.*, ¶ 4]

Alexis indicated during the re-arraignment hearing that he had read and understood the Plea Agreement and that defense counsel had discussed it with him.  [Record No. 51, pp. 9−10, 13−30]  Subsequently, the United States summarized the terms of the Plea Agreement, and defense counsel confirmed the terms, clarifying that the defendant could object to the

---

[1]  The defendant had three separate prior drug trafficking convictions, but counsel originally believed that one of the charges was dismissed.  [Record No. 18, ¶ 4]

- 3 -

Armed Career Criminal designation. [*Id.*, pp. 10−14] Alexis confirmed his counsel's representations. [*Id.*, p. 14]

The Court also asked Alexis if anyone made him any promises or threats to induce him to sign the Plea Agreement or plead guilty. He responded by stating, "[n]o sir." [*Id.*, pp. 14−15] In addition, the Court reviewed the penalties the defendant faced, explaining that it was "impossible" for Alexis' attorney to know the applicable guideline range at that time. [*Id.*, p. 18] Moreover, the Court advised the defendant that he would not be able to withdraw his plea if his guideline range ended up differing from his or his counsel's expectations. [*Id.*, pp. 24−25]

Following re-arraignment, Presentence Investigation Report ("PSR") was prepared which reflected that Alexis' base offense level was 20. [Record No. 37, p. 5] However, he received a fourteen-level increase under section 4B1.4(b)(3)(A) of the United States Sentencing Guidelines ("U.S.S.G.") due to the combination of his status as an Armed Career Criminal under 18 U.S.C. § 924(e) and his possession of the subject firearm while committing a controlled substance offense. [*Id.*] Alexis also received a three-level decrease for acceptance of responsibility, resulting in a total offense level of 31. [*Id.*] With a criminal history category of VI, his non-binding guideline range was 188 to 235 months of imprisonment. [*Id.*, p. 19]

Alexis objected to the PSR, but his objections were overruled.[2] [Record Nos. 37, p. 12; 39, pp. 4−9] Defense counsel and the United States argued during the sentencing hearing

---

[2] Counsel argued that, because the three convictions appeared in one judgment and resulted in concurrent sentences, the Court should consider them to be one offense. The Court rejected that argument, and the Sixth Circuit affirmed. [*See* Record No. 41, p. 1.]

for a sentence closer to the statutory minimum of fifteen years rather than in the advisory guideline range; however, but the Court sentenced the defendant to a 232-month term of imprisonment, followed by three years of supervised release. [Record No. 39, pp. 14−19] Alexis appealed his status as an Armed Career Criminal but the Sixth Circuit affirmed this Court's sentence. [Record No. 41]

### III.

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that: the sentence was imposed in violation of the United States Constitution or federal law; the Court lacked jurisdiction; his or her sentence exceeded the maximum penalty authorized by law; or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a claim of constitutional error, a defendant must establish an error of constitutional magnitude that had a substantial and injurious effect or impact on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Additionally, to prevail on a claim of nonconstitutional error, the defendant must show a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Id*. (quoting *United States v. Ferguson*, 918 F. 3d 627, 630 (6th Cir. 1990)) (internal quotation marks omitted).

### IV.

On February 2, 2016, the defendant filed the motion to vacate his sentence, asserting several claims of ineffective assistance. [Record No. 44] First, Alexis argues that his counsel promised him he would receive, at most, a ten-year term of incarceration if he pleaded guilty. [Record No. 44-1, pp. 7, 11] Second, he alleges that his attorney failed to

conduct an adequate investigation of his Armed Career Criminal designation. [*Id.*, pp. 10−11] Third, he asserts that his counsel erred by not challenging the fact that his § 924(e) designation was not presented to the grand jury. [*Id.*, p. 10] Alexis also vaguely claims that his counsel failed to: (i) communicate with him during the pre-trial stage; (ii) file substantive motions; (iii) inform him of the consequences of pleading guilty; and (iv) meet ethical obligations under Kentucky law. [*Id.*] Additionally, Alexis asserts that the United States improperly interfered in his state court case and that a jury should have determined his status as an Armed Career Criminal. [*Id.*, pp. 7, 12]

### A.    Ineffective Assistance of Counsel

Ineffective assistance of counsel is a mixed question of law and fact that is reviewed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). It requires that a defendant show: (i) counsel's performance was deficient by falling "below an objective standard of reasonableness," *id.* at 688; and (ii) the defendant was "prejudiced" by such deficient performance. *Id.* at 687. To determine deficient performance, the court must "conduct an objective review of [counsel's] performance, measured for 'reasonableness under prevailing professional norms,' which includes a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Wiggins v. Smith*, 539 U.S. 510, 523 (2003) (quoting *Strickland*, 466 U.S. at 688–89) (internal citation omitted); *Poindexter v. Mitchell*, 454 F.3d 564, 577 (6th Cir. 2006). This review requires consideration of the norms of practice as reflected in the American Bar Association Standards for Criminal Justice. *See Rompilla v. Beard*, 545 U.S. 374, 387 (2005).

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. This threshold showing is less than a preponderance of the evidence. *Id.* The Sixth Circuit has held "that a petitioner need not prove by a preponderance of the evidence that the result would have been different, but merely that there is a reasonable probability that the result would have been different." *Skaggs v. Parker*, 235 F.3d 261, 271 (6th Cir. 2000).

Where a the defendant entered a guilty plea, he "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial.'" *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). With respect to errors at the sentencing hearing, the defendant must establish that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

### 1. Defense Counsel's Alleged Promise

Alexis argues that his counsel's representation that he would receive no more than ten years of imprisonment induced him to plead guilty. [Record No. 44-1, p. 11] However, the magistrate judge properly determined that, even if counsel made such a promise, the defendant cannot establish that he was prejudiced. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999) (defendant could not show prejudice where his counsel mistakenly promised him he would receive only "supershock probation" because the Court informed him that

counsel's advice was incorrect); *Cadavid-Yepes v. United States*, __ F. App'x __, 2016 WL 75607, *8 (6th Cir. 2016) (where counsel mistakenly informed defendant that he was pleading to "time served," defendant could not demonstrate prejudice because the misinformation was "directly refuted on the record"). [Record No. 56, p. 10] First, the Plea Agreement clearly states that Alexis could be sentenced as an Armed Career Criminal, subjecting him to a statutory minimum sentence of fifteen years and an even higher advisory guideline range. [Record No. 31, ¶¶ 4, 5, 8] Second, during the re-arraignment hearing, the United States recited the terms of the Plea Agreement, and defense counsel confirmed/clarified those terms. [Record No. 51, pp. 10−14] Third, the defendant himself confirmed that he understood the terms of the Plea Agreement. [*Id.*, pp. 9−10]

Further, the Court discussed the penalties Alexis faced, as well as the sentencing process. [*Id.*, pp. 16−18] And the defendant indicated that he understood the penalties and his potential status an Armed Career Criminal. [*Id.*] With such an extensive colloquy, any misunderstanding engendered by defense counsel's alleged promise was cured. *See Ramos*, 170 F.3d at 565. As a result, Alexis cannot establish a reasonable probability that, but for his counsel's alleged promise, he would not have pleaded guilty. *See Hodges*, 727 F.3d at 534.

### 2.     Failure to Advise and/or Inadequate Investigation

Alexis also contends that his attorney was ineffective by failing to investigate his potential status as an Armed Career Criminal and by failing to advise him properly regarding this designation and the consequences of pleading guilty. [Record No. 44-1, p. 11] The magistrate judge properly concluded that Alexis cannot establish deficient performance with respect to these allegations. [Record No. 56, p. 13] In his affidavit, defense counsel

indicates that he notified Alexis of the potential penalties at their first meeting on June 4, 2013. [Record No. 53-2, ¶ 3] Further, at the arraignment hearing, Magistrate Judge Robert E. Wier advised the defendant that he was potentially subject to an Armed Career Criminal designation. [Record No. 49, p. 7]

Next, the Court granted several continuances based on motions reflecting that counsel was thoroughly investigating Alexis' prior convictions and discussing those convictions with him. [Record Nos. 13; 14; 17; 18; 21; 23; 50, pp. 3, 6] Counsel also indicates that he met with the defendant in August 2013 to discuss the terms of the Plea Agreement, including the paragraph regarding Alexis' Armed Career Criminal status. [Record No. 53-2, ¶ 8] Moreover, counsel has provided the Court with details concerning the videotape he reviewed prior to the re-arraignment hearing in which Alexis pleaded guilty to three separate counts of felony drug trafficking and one count of fleeing and evading police. [Record No. 53-2, ¶ 13] Alexis has not rebutted defense counsel's assertions.

The evidence establishes that counsel was thoroughly investigating the § 924(e) designation and keeping Alexis informed of the designation. Consequently, Alexis has not proven that counsel's performance was unreasonable under prevailing professional norms. *See Wiggins*, 539 U.S. at 523. And with respect to Alexis' claim that his counsel failed to properly advise him, the defendant cannot demonstrate prejudice because any failure was cured by the Court's extensive colloquy. *See Ramos*, 170 F.3d at 565.

### 3. Omission of § 924(e) Designation from Indictment

The defendant asserts that counsel's performance was deficient because counsel did not challenge the fact that his Armed Career Criminal designation was not included in the

indictment or submitted to a jury. [Record No. 44-1, p. 12] However, predicate felonies for § 924(e) purposes need not appear in an indictment, and the facts supporting a sentence under § 924(e) need not be submitted to a jury. *See Alleyne v. United States*, 133 S. Ct. 2151, 2163, 2168 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. McMurray,* 653 F.3d 367, 371 (6th Cir. 2011). Because Alexis' counsel was not required to raise meritless arguments, the magistrate judge properly determined that Alexis' ineffective assistance claim premised on those allegations fails under the first *Strickland* prong. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). [Record No. 56, pp. 17−18]

### 4.     Other Alleged Failures on the Part of Counsel

Alexis also claims that his counsel failed to: (i) communicate with him; (ii) provide him all documents; (iii) comply with the Kentucky Rules of Professional Conduct; (iv) conduct an adequate pretrial investigation; and (v) file any substantive motions. [Record No. 44-1, pp. 11−12] However, Alexis provides no facts to support his legal conclusions. Unsubstantiated conclusions do not even warrant an evidentiary hearing, much less do they warrant relief. *See O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *see also Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974). Further, because Alexis does not allege any "special circumstances" supporting the conclusion that he would have pleaded not guilty and gone to trial absent those alleged failures, he cannot establish prejudice under *Strickland*. *See Hill*, 474 U.S. at 60. Therefore, the magistrate judge properly concluded that those ineffective assistance of counsel claims lack merit. [Record No. 56, pp. 18−20]

### B. Miscellaneous Claims

Alexis also contends that: (i) the United States improperly interfered in the underlying state court criminal action; and (ii) the Court improperly relied on its own factual findings to determine his status as an Armed Career Criminal. [Record No. 44-1, pp. 6−7, 12] Those claims fail both procedurally and on the merits.

#### 1. Waiver

In his Plea Agreement, Alexis waived the right to collaterally attack the guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel. [Record No. 31, ¶ 8] A defendant may waive the right to collaterally attack his plea, conviction, and sentence. *Hardin v. United States*, 595 F. App'x 460, 461 (6th Cir. 2014) (citing *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001)). However, the waiver must be knowing and voluntary. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). For example, a defendant may challenge the validity of the waiver by claiming that he involuntarily pleaded guilty or that his plea was the "product of ineffective assistance of counsel." *Id.* at 423.

Nothing in the record suggests that Alexis did not understand the terms of the Plea Agreement. Instead, the Court extensively questioned the defendant regarding the Plea Agreement, especially with respect to Alexis' potential status as an Armed Career Criminal. [Record No. 51, pp. 9−18] The Court also reviewed the term waiving Alexis' right to make non-ineffective assistance of counsel claims on collateral review. [*Id.*, pp. 20−24] Under these circumstances, the defendant knowingly and voluntarily waived the rights outlined in the Plea Agreement, including the right to collaterally attack the guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel. *See Hardin*, 595 F. App'x at

462; *see also See United States v. Sharp*, 442 F.3d 946, 950 (6th Cir. 2006); *United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006). Consequently, he has waived his right to raise the aforementioned claims in the present motion.[3]

### 2. Procedural Default

In general, claims not raised on direct appeal cannot be raised in a § 2255 proceeding, with the exception of ineffective assistance of counsel claims. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Massaro v. United States*, 538 U.S. 500, 504 (2003). To avoid procedural default, the defendant must show either that he is actually innocent or that he has good cause for failing to raise the arguments on appeal and that he will suffer prejudice if he cannot proceed. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley*, 523 U.S. at 622).

Here, Alexis did not raise on appeal the claims that the United States improperly interfered in his state court action or that the Court erred by relying on its own factual findings in determining his Armed Career Criminal status. [*See* Record No. 41.] Because the defendant does not raise an actual innocence claim or make any effort to demonstrate good cause and prejudice, he has procedurally defaulted those claims. *See Bousley*, 523 U.S. at 622.

### 3. Merits

Alexis cites *Younger v. Harris*, 401 U.S. 37, 43 (1971), and *Bond v. United States*, 564 U.S. 211 (2011), to demonstrate that the United States improperly intervened in the

---

[3]  As the magistrate judge properly pointed out, to the extent Alexis argues that his plea was unknowing or involuntary based on the aforementioned failures on the part of counsel, the Court has already rejected those arguments. [Record No. 56, pp. 22−23]

underlying state court action before charging him with violating 18 U.S.C. § 922(g). [Record No. 44-1, pp. 6−7] However, this Circuit has rejected the argument that § 922(g) interferes with the powers reserves to the states. *Holmes v. United States*, 281 F. App'x 475, 482 (6th Cir. 2008) (citing *United States v. Henry*, 429 F.3d 603, 619 (6th Cir. 2005)).

Regarding the defendant's claim that the Court improperly relied upon its own factual findings in determining that he was an Armed Career Criminal, the Court has already addressed that argument. Although *Alleyne* requires a fact increasing the mandatory minimum to be submitted to a jury, that case excluded the fact of a prior conviction from its holding. 133 S. Ct. at 2160 n.1; *see also McMurray,* 653 F.3d at 370−71. Thus, the magistrate judge properly determined that the non-ineffective assistance of counsel claims fail on the merits, as well.[4] [Record No. 56, pp. 26−30]

## V.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 349 (2003) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, several of Alexis' claims are nothing more than conclusory statements. With respect to the ineffective assistance claims

---

[4] The magistrate judge also properly concluded that Alexis' claim under *United States v. Johnson*, __ U.S.__, 135 S. Ct. 2551 (2015), lacks merit. [Record No. 56, p. 29] In *Johnson*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague. *Id.* at 2557. However, Alexis was sentenced under § 924(e)(2)(A), rather than under the residual clause. Thus, *Johnson* does not apply to his circumstances.

that are fleshed-out, the record clearly demonstrates that counsel's performance was adequate and that the defendant cannot prove that he was prejudiced by any of the alleged deficiencies. Further, Alexis' non-ineffective assistance of counsel claims are invalid under current legal precedent. As a result, the Court agrees with the magistrate judge that no reasonable jurist would find the above-mentioned substantive conclusions debatable or wrong. *See Slack*, 529 U.S. at 484. [Record No. 56, p. 31]

When the denial of a § 2255 motion is based on procedural grounds, a Certificate of Appealability will not issue unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The magistrate judge correctly concluded that Alexis' non-ineffective assistance of counsel claims are procedurally barred and that jurists of reason would not find such a conclusion debatable. [Record No. 56, p. 31] Consequently, the defendant is not entitled to a Certificate Appealability on any issue raised in this proceeding.

Finally, Alexis did not specifically request an evidentiary hearing, and the record conclusively shows that he is not entitled to relief. Therefore, an evidentiary hearing is not warranted. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

## VI.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Candace J. Smith [Record No. 56] is **ADOPTED** and **INCORPORATED** herein by reference.

2. Defendant Steeve Alexis' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 44] is **DENIED**, and this matter is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability shall not issue with respect to any matter or claim raised in this proceeding.

4. A Judgment in favor of the United States shall issue this date.

This 24th day of May, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge